BOYLSTON *v.* CHASE.

ASSUMPSIT — *for money paid at defendant's request.* For money paid by plaintiff at defendant's request, assumpsit may be maintained, and the circumstance that the defendant is liable to plaintiff for the same money upon the covenants in a deed by him executed to plaintiff does not change the rule.

*Upon an express promise by one who was previously liable for the same money.* Where lands are conveyed with a covenant that the same are free from taxes, upon payment of taxes then lawfully assessed against it, and an express promise by the grantor to refund the same, assumpsit lies, notwithstanding the grantor's liability upon the covenant in his deed.

*Error to Probate Court, Arapahoe County.*

SUIT was brought before a justice of the peace, and thence appealed to the probate court. At the trial in the probate court, defendant admitted that on the 1st day of December, 1873, he conveyed to plaintiff certain lots in the city of Denver, and covenanted in the deed executed to plaintiff, that he was seized in fee simple of the said lots, that the same were free from taxes, and that he would warrant and defend the title to the same ; that certain taxes amounting to $36.95 assessed against the property in the year 1873, existed as an incumbrance upon the lots at the date of the deed, and that the same were paid by plaintiff's agent. Plaintiff then offered one Chas. B. Green as a witness, who testified that he had conversations with defendant in regard to paying the taxes on the lots for the year 1873, both before and after the payment of said taxes. That before payment, defendant requested witness, he being, at the time, in charge of the lots for plaintiff, to pay the taxes, and said that he would pay them back if the witness would do so. That, after the taxes were paid, defendant said he would pay back the amount, and that this promise was reiterated upon several occasions. Upon this evidence the plaintiff was nonsuited.

In support of the judgment of the probate court, it was contended that plaintiff in error must rely upon the covenants in her deed, and that the promise to refund the money was without consideration.

Mr. W. S. DECKER, for plaintiff in error.

Mr. H. R. HUNT, for defendant in error.

STONE, J. The record in this case raises but a single question : Was the judgment of nonsuit properly entered ?

The evidence makes out a case of money paid by the plaintiff upon the request of the defendant, and discloses a

good consideration. A benefit to the promisor, or advantage to the promisee, constitutes a good consideration. This is a case of a new, simple contract, upon a new consideration, to pay a sum of money, admitted to be due for taxes upon certain lots, and that the defendant had sold to the plaintiff under a covenant that the same were free from taxes. The defendant was liable to pay the taxes ; he promised the plaintiff he would pay them ; afterward requested the plaintiff to pay them, and after the plaintiff had paid them at his request, he promised to pay the sum paid back to the plaintiff.

We think the plaintiff entitled to recover in the form of action adopted in this case. 1 Ch. Pl. 104, 119 ; 2 Chit. on Cont., 11th Am ed., 881, 882; *Scott* v. *Hawsman*, 2 McLean, 185.

The judgment of the probate court is reversed, and cause remanded for a new trial.

*Reversed.*